## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. RYAN STRATTON, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 18-cv-118-JED-JFJ |
| ) | |
| 2. SUTHERLAND GLOBAL SERVICES, ) | JURY TRIAL DEMANDED |
| INC., a Foreign For Profit Business ) | |
| Corporation, ) | ATTORNEY'S LIEN CLAIMED |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, RYAN STRATTON, ("Plaintiff"), by and through his attorney of record Terry A. Hall, and hereby submits the following Complaint against Defendant SUTHERLAND GLOBAL SERVICES, INC., ("Defendant") and hereby states and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 1367(a). Jurisdiction is also appropriate pursuant to 42 U.S.C. §§ 12101, *et seq.*

1. This action arises under 42 U.S.C. §§ 12101, *et seq.* and the laws of the State of Oklahoma.

2. Declaratory and equitable relief is sought pursuant to 28 U.S.C. §2201, §2202 and 42 U.S.C §12117. Compensatory and punitive damages are available under 42 U.S.C. §12117, and the supplemental state claims.

3. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. §12117 and Rule 54 of the Federal Rules of Civil Procedure.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. §1391(b),

because the claims herein arose in this judicial district.

## PARTIES AND STATUTORY PREREQUISITES

5. Plaintiff was at all times hereinafter mentioned, domiciled in and a citizen of the State of Oklahoma, and is a white male over 40 years old, with a disability, regarded as having a disability, and/or having a record of a disability. Plaintiff is presently domiciled in and a resident of Bartlesville, Oklahoma.

6. Defendant was and is now a Foreign For Profit Business Corporation existing under the laws of the state of Oklahoma and maintaining a business in Tulsa, Oklahoma where Plaintiff was employed during the relevant periods.  Defendant is an employer within the meaning of the ADA and the OADA and is located within the jurisdiction of this Court.

7. In conformance with statutory prerequisites, Plaintiff submitted pre-charge information with the United States Equal Employment Opportunity Commission ("EEOC"), within 300 days from the date the discrimination took place. Subsequently, Plaintiff signed the Charge of Discrimination prepared by the EEOC.  The EEOC completed its investigation and issued a Right to Sue letter. Plaintiff timely filed this action within 90 days of receipt of the Right to Sue letter, thus meeting all statutory perquisites for suit under the ADA and the OADA.

## OPERATIVE FACTS

8. On or about March 14, 2016, Mr. Stratton was hired by Sutherland Global Services, Inc., as a Senior Accountant.

9. Plaintiff suffered from medical conditions known to Defendant, specifically high blood pressure and a heart condition, which limited one or more major life functions.

10. On or about May 5, 2016, Plaintiff underwent a medical evaluation that concluded that he was at risk for potentially serious medical consequences if he were to fly overseas on the extended airline flights to the Philippines as sought by his company, due to his medical condition.

11. On or about May 5, 2016, Mr. Stratton requested a Reasonable Accommodation from Defendant in the form of being permitted to remain at work in the Tulsa office rather than fly to the Philippines, which was in accordance with the written medical note from Stratton's health care provider.

12. Stratton, with the reasonable accommodation, would be and was able to perform all the job requirements of his position.

13. Many other similarly situated co-employees were permitted to remain at work in the Tulsa office rather than fly to the Philippines.

14. Mr. Stratton during his employment asked for changes in his working conditions because of his disability, being regarded as having a disability, and/or having a record of a disability.

15. Mr. Stratton sought the change of working conditions in order to do his job.

16. Prior to his discharge, Plaintiff adequately and competently performed all essential functions of his job, and Plaintiff had never been disciplined, reprimanded or otherwise told his job performance needed to improve.

17. Notwithstanding Plaintiff's ability to perform the essential functions of his job, Defendant refused to reasonably accommodate him after being put on notice of his need for such accommodation and terminated him because of his disability, being regarded as having a disability, and/or having a record of a disability.

18. Defendant thus failed to accommodate Mr. Stratton's disability.

19. On or about May 9, 2016, Stratton was terminated.

20. Stratton had never received any verbal or written warning at any time prior to his termination regarding any alleged lack of performance.

21. The reason given for Stratton's termination was a pretext to terminate Stratton because of his disability, being regarded as having a disability, and/or having a record of a disability, including his request for a Reasonable Accommodation.

22. Stratton was subjected to unlawful hostility because of his disability, being regarded as having a disability, and/or having a record of a disability related to his request for a Reasonable Accommodation.

23. Stratton was subjected to unlawful and disparate treatment as to the alleged basis for his termination.

24. Stratton was discriminated against because of his disability, being regarded as having a disability, and/or having a record of a disability, in violation of the Americans with Disabilities Act of 1990, as amended.

### FIRST CLAIM FOR RELIEF
### (DISCRIMINATION IN VIOLATION OF THE ADA)

25. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

26. Plaintiff is a disabled person as defined by the ADA in that he suffers from a disabling medical condition. Alternatively, Plaintiff was perceived as a disabled individual by Defendant or had a record of having such impairment.

27. Plaintiff is qualified, with or without reasonable accommodation, to perform the essential functions of the position he held during his employment.

28. During his employment, Plaintiff attempted to engage in the informal, interactive process

in which he sought a reasonable accommodation from Defendant to alleviate the effects of his disabling condition and to continue working.

29. Defendant failed to engage in this deliberative process with Plaintiff and failed to provide any accommodation to him after appropriate accommodations were recommended to Defendant' agents and/or employees.

30. Defendant' failure to make reasonable accommodations to the known physical limitations of Plaintiff, an otherwise qualified individual with a disability, violates the ADA.

31. By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected by Defendant' refusal to accommodate Plaintiff's known or perceived physical limitations.

32. By and through, but not limited to, the actions described above, Defendant have violated the Americans with Disabilities Act, 42 U.S.C.§§ 12101, *et seq*.

33. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

34. Defendant' actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to him.

35. Plaintiff has been injured by this discrimination, and is entitled to compensatory and punitive damages and any other damages allowed under the ADA.

## SECOND CLAIM FOR RELIEF
## (WRONGFUL TERMINATION IN VIOLATION OF THE ADA)

36. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

37. Plaintiff was, maliciously and in reckless disregard of his rights, willfully discriminated

against in his employment by Defendant and its agents or employees on the basis of his disability, or in the alternative, on the basis of his perceived disability or his record of having said disability.

38. Defendant knew or should have known of this discrimination. Plaintiff's resulting termination was caused in full or in part as a result of this discrimination, in direct contravention of the ADA, 42 U.S.C. §§ 12101, *et seq*.

39. By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected by the disability discrimination directed towards him.

40. By and through, but not limited to, the actions described above, Defendant have violated the Americans with Disabilities Act, 42 U.S.C.§§ 12101, *et seq*.

41. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

42. Defendant' actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to him.

43. Plaintiff has been injured by this discrimination, and is entitled to compensatory and punitive damages and any other damages allowed under the ADA.

### THIRD CLAIM FOR RELIEF
### (DISCRIMINATION IN VIOLATION OF THE OADA)

44. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

45. Plaintiff was, maliciously and in reckless disregard of his rights, discriminated against in

his employment by Defendant on the basis of his disability and/or handicap, or in the alternative on the basis of his perceived disability and/or handicap or his record of having said disability.

46. Plaintiff's resulting termination was motivated in full or in part as a result of this discrimination, in direct contravention of *25 O.S. § 1101, et seq.*

47. As a result of Defendant' violation of *25 O.S. § 1101, et seq.*, Plaintiff has suffered, and continues to suffer pecuniary damages, costs and expenses of legal representation and other pecuniary and non-pecuniary damages, and is entitled to any and all damages allowed under applicable law.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

/s/ Terry A. Hall
Terry A. Hall, OBA #10668
Law Office of Terry A. Hall
PO Box 616
Choctaw, OK 73020
(405) 260-9329
(405) 260-9330 (facsimile)
**thall@okhnhlaw.com**
*Attorneys for Plaintiff*

4849-7107-6370, v. 1